UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENNY JEAN MONROE,

Plaintiff,

Case No.  16-CV-12903
vs.                                                HON.  GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (DOC. 19),
OVERRULING PLAINTIFF'S OBJECTIONS (DOC. 20), GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 15),
DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (DOC. 14), AND DISMISSING PLAINTIFF'S CLAIMS

This matter is presently before the Court on the parties' cross-

motions for summary judgment.  Plaintiff Penny Jean Monroe seeks judicial

review of the Administrative Law Judge's (ALJ) finding that she is not

disabled.  Defendant Commissioner of Social Security seeks to affirm the

denial of plaintiff's applications for Disability Insurance Benefits (DIB) under

the Social Security Act, 42 U.S.C. § 401 *et seq.*, and Supplemental

Security Income Benefits (SSI) under Title XVI, 42 U.S.C. § 1381 *et seq.*

The matter was referred to Magistrate Judge Patricia T. Morris, who issued

a report and recommendation on April 13, 2017, recommending that

plaintiff's motion be denied and defendant's motion be granted. (Doc. 19).

Plaintiff filed objections on April 27, 2017. (Doc. 20). Defendant replied on

May 1, 2017. (Doc. 21).

## I. Procedural and Factual History

Plaintiff filed applications for DIB and SSI benefits on December 9,

2013, alleging that she has been disabled since September 19, 2009. After

her applications were denied, plaintiff requested a hearing before an ALJ.

ALJ Thomas L. Waters held a hearing on February 4, 2015 and determined

that plaintiff was not disabled within the meaning of the Acts.

The Social Security Administration Appeals Counsel denied plaintiff's

request for review of the ALJ's decision on June 14, 2016, "at which point

the ALJ's decision became the final decision of the Commissioner of Social

Security." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.

2004) (internal citations omitted). Plaintiff initiated this civil action for

review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g)

on August 9, 2016. (Doc. 1).

## II. Legal Standard

The standard of review to be employed by the Court when examining

a report and recommendation is set forth in 28 U.S.C. § 636. This Court

"shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  The Court "must affirm the Commissioner's decision if it is supported by substantial evidence and was made pursuant to proper legal standards."  *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (internal citations omitted).  "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (internal citations omitted).  The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ.  *See Walker v. Sec'y of Health & Human Servc.*, 884 F.2d 241, 245 (6th Cir. 1989).  In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (internal citations omitted).

### III. Analysis

Magistrate Judge Morris' report and recommendation concludes that substantial evidence supports the ALJ's finding that plaintiff was not disabled. Plaintiff filed two objections. (Doc. 20).

Preliminarily, the Court shall address defendant's waiver argument. Defendant asserts that plaintiff's objections simply restate arguments raised in her summary judgment brief, as opposed to challenging portions of the report and recommendation, and therefore, should be deemed waived. Although plaintiff's objections are similar to her summary judgment arguments, the Court will consider them.

First, plaintiff argues that Magistrate Judge Morris erred by finding that the ALJ properly evaluated her impairments. Plaintiff asserts that the ALJ failed to consider her obesity and its accompanying comorbidities.

The ALJ considered plaintiff's obesity and related medical issues when assessing her residual functional capacity (RFC). Plaintiff failed to provide sufficient evidence to show that obesity limited her ability to work. Her medical record provided scant traces of obesity and no evidence that it caused work related limitations. She merely made vague references to difficulties with obesity in her testimony, which the ALJ determined were not credible. Plaintiff alleged related conditions including sleep apnea, GERD,

and depression.  But plaintiff denied depression symptoms and the record

contained evidence that her sleep apnea was not as severe as she

claimed.   The record also includes a physician's note that she "is quite

dramatic," which coincides with the ALJ's determination that her testimony

was not credible.

Second, plaintiff objects to the finding that she does not meet or

equal Listing 1.03.  Listing 1.03 requires plaintiff to demonstrate that she

underwent "[r]econstructive surgery or surgical arthrodesis of a major

weight-bearing joint, with inability to ambulate effectively, as defined in

1.00B2b, and return to effective ambulation did not occur, or is not

expected to occur, within 12 months of onset."  20 C.F.R. Pt. 404, Subpt. P,

App'x I § 1.03.  "Inability to ambulate" is defined as

> an extreme limitation of the ability to walk; *i.e.*, an
> impairment(s) that interferes very seriously with the
> individual's ability to independently initiate, sustain,
> or complete activities. Ineffective ambulation is
> defined generally as having insufficient lower
> extremity functioning (see 1.00J) to permit
> independent ambulation without the use of a hand-
> held assistive device(s) that limits the functioning of
> both upper extremities.

*Id.* at § 1.00B2b(1).

> To ambulate effectively, individuals must be capable
> of sustaining a reasonable walking pace over a
> sufficient distance to be able to carry out activities of
> daily living. They must have the ability to travel

without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*Id.* at § 1.00B2b(1).

Plaintiff asserts that she meets or equals Listing 1.03 because her knee replacement surgery constitutes "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint," she lacks the ability to ambulate effectively because she is unable to walk a block at a reasonable pace on rough or uneven surfaces, *see* (Doc. 20 at PageID 896), and, per her testimony, she did not return to effective ambulation within 12 months of her latest knee surgery. But the record contains little evidence supporting plaintiff's argument that she suffered an impaired gait. Instead, it contains numerous statements regarding plaintiff's normal gait, (Doc. 12-7 at PageID 343, 444, 489), and ability to normally walk heal-to-toe, (Doc. 12-7 at PageID 359; Doc. 12-8 at PageID 591, 677-78). Furthermore, the ALJ's findings include an explanation crediting medical evidence of

plaintiff's physicians who noted "a well aligned stable total knee," that "was stable in both flexion and extension to stress testing," and a nonantalgic gait. (Doc. 12-2 at PageID 54). Physicians also noted plaintiff's statements that her "knee felt really good" and "had been doing well." (*Id.*).

Plaintiff further asserts that Magistrate Judge Morris did not review the ALJ's decision regarding whether the medical evidence illustrated an impairment, but rather, simply adopted the defendant's post hoc rationalization. Plaintiff's argument fails. Magistrate Judge Morris's report and recommendation does not accept defendant's post hoc rationalization. It reviews the ALJ's opinion, which contains the relevant analysis regarding plaintiff's medical evidence, but merely does so in an unexpected location; in the surrounding pages, (Doc. 12-2 at PageID 49-54), as opposed to the more common placement directly below the finding. *See* (Doc. 12-2 at PageID 52) (lacking explanation below the fourth finding of fact and conclusion of law).

## IV. Conclusion

Accordingly, plaintiff's objections are OVERRULED. Consistent with the analysis herein, the Court hereby ACCEPTS Magistrate Judge Morris' report and recommendation, GRANTS defendant's motion for summary

judgment, DENIES defendant's motion for summary judgment, and

DISMISSES plaintiff's complaint with prejudice.

IT IS SO ORDERED.

Dated:  September 14, 2017

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

<div style="border:1px solid black; text-align:center;">

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 14, 2017, by electronic and/or ordinary mail.

<u>s/Marcia Beauchemin</u>
Deputy Clerk

</div>